**Daniel B. Shanley**
S27W30810 Wild Berry Lane
Waukesha, WI 53188

   Plaintiff,

                       Case No. 17-cv-1073

vs.

**Jonas Service & Supply, Inc. 401(k) Profit Sharing Plan**
Registered Agent:
Jonas Service & Supply, Inc.
700 Coronis Circle
Green Bay, WI 54304-5747

and

**Jonas Service & Supply, Inc.**
Registered Agent:
James M. Jansen
700 Coronis Circle
Green Bay, WI 54304-5747

and

**James M. Jansen**
Registered Agent:
James M. Jansen
700 Coronis Circle
Green Bay, WI 54304-5747

   Defendants.

## COMPLAINT

   The Plaintiff, Daniel B. Shanley, by his attorneys Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

## INTRODUCTION

1. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA"). Plaintiff seeks wrongfully denied benefits, appropriate equitable relief, and statutory penalties arising from Defendants' (1) failure to pay benefits owed to Plaintiff under the terms of an employee welfare benefit plan; (2) failure to provide a timely, adequate determination on review of Plaintiff's claim for such benefits; (3) failure to discharge fiduciary duties solely in the interest of Plaintiff, a plan participant; (4) failure to provide a summary of material modifications as required by ERISA; and (5) failure to provide plan documents upon request as required by ERISA.

## PARTIES

2. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Waukesha, Wisconsin.

3. Defendant Jonas Service & Supply, Inc. 401(k) Profit Sharing Plan ("the Plan") is an "employee pension benefit plan" within the meaning of 29 U.S.C. § 1002(2)(A).

4. Defendant Jonas Service & Supply, Inc. is the Plan Administrator within the meaning of 29 U.S.C. § 1002(16)(A)(i).

5. Defendant James M. Jansen ("Jansen") is a fiduciary of the Plan within the meaning of 29 U.S.C. 1002(21)(a) and 29 U.S.C. § 1102(a).

## JURISDICTION & VENUE

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) (29 U.S.C. 1132(e)(2)) and 28 U.S.C. § 1391(b), because a substantial part of the

events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff has exhausted his administrative remedies as a condition precedent to filing this action.

## FACTS

### A. Employment as Vice President of Jonas Service & Supply, Inc.

9. Plaintiff began working for Jonas Service & Supply, Inc. in 2002. He was hired as a Regional Sales Manager.

10. In January 2007, Plaintiff was promoted to "Vice President." His job duties included business development, developing product lines, acquiring customers, providing product training, and sales.

11. In his position as Vice President, Plaintiff was paid a salary. He was not paid on a commission basis at any point during his employment.

12. In his position as Vice President, Plaintiff had the authority to sign contracts on behalf of Jonas Service & Supply, Inc.

13. Plaintiff held the position of Vice President until approximately September 2015, when Jonas Service & Supply, Inc. was sold to Jonas Service & Supply, L.L.C., *d/b/a* PTS Jonas Service & Supply, L.L.C., at which point Plaintiff's title was changed to "Territory Manager."

14. Plaintiff's last day worked for Jonas Service & Supply, Inc. was January 20, 2017.

15. During the course of his employment, Plaintiff became eligible to participate in the Plan, and was a "participant" of the Plan within the meaning of 29 U.S.C. 1002(7).

## B. Relevant Aspects of Jonas Service & Supply, Inc. 401(k) Profit Sharing Plan Summary Plan Descriptions

16. Relevant to this matter, the Jonas Service & Supply, Inc. 401(k) Profit Sharing Plan has Summary Plan Descriptions (SPDs) with effective dates of 2009, 2012, and 2015; each SPD describes the "employer contributions" provided under the Plan, as outlined below.

17. The 2009 Summary Plan Description ("the 2009 SPD") provided for "employer profit-sharing contributions," but excluded *non-officer* outside sales employees from receiving those contributions.

18. Plaintiff first received a copy of the 2009 SPD on September 21, 2016, after he made a request for the summary plan description.

19. The 2012 Summary Plan Description ("the 2012 SPD") provided for "employer contributions," but excluded *non-officer* outside sales employees from receiving those contributions.

20. Plaintiff first received a copy of the 2012 SPD on February 2, 2017, after Plaintiff's counsel made a request for the plan documents.

21. The 2015 Summary Plan Description ("the 2015 SPD") provided for three types of "employer contributions," but excluded *all* outside sales employees from receiving those contributions.

22. Plaintiff first received a copy of the 2015 SPD on September 19, 2016, after he made a request for the summary plan description.

## C. Jonas Service & Supply, Inc. 401(k) Profit Sharing Plan 2013 Summary of Material Modifications

23. The Jonas Service & Supply, Inc. 401(k) Profit Sharing Plan Summary of Material Modifications states that its effective date is January 1, 2013 ("the 2013 SMM").

24. According to the 2013 SMM:

> The Plan excludes certain Employees from participating in the Plan. The definition of who is eligible to participate in the Plan has been amended. Under the current Plan provisions, as amended, the following Employees are excluded from participating in the Plan. Thus, the following Employees may not participate under the Plan until such time as they fall into a covered class of Employees and satisfy the Plan's minimum age and service requirements. See Article 5 of your Summary Plan Description (SPD) for a description of the Plan's minimum age and service requirements.
>
> ...
>
> **Employer Contributions.** For purposes of eligibility to receive Employer contributions under the Plan, the following Employees are excluded from participation:
> - Employees covered under a collective bargaining agreement (i.e., union employees)
> - Non-resident aliens who do not receive any compensation from U.S. sources
> - Leased employees
> - *Other: Outside sales employees*

25. Plaintiff first received a copy of the 2013 SMM on September 21, 2016, after he made a request for the summary plan descriptions.

### D. Communications Regarding Plaintiff's Profit-Sharing Benefits

26. By letter dated February 20, 2013, Defendant Jansen informed Plaintiff that he would receive $9,889.79 in profit-sharing for the 2012 year, to be deposited into his 401(k) account on February 22, 2013.

27. In 2014, Plaintiff did not receive a letter informing him that he would be receiving profit sharing for the 2013 year. As such, in the spring of 2014, Plaintiff orally asked Defendant Jansen why Plaintiff did not receive any profit sharing. Defendant Jansen responded that he did not know why Plaintiff did not receive any profit sharing and that he would look into it.

5

28. Following that conversation, Plaintiff believed Defendant Jansen was investigating his entitlement to profit sharing. However, Defendants did not address Plaintiff's profit-sharing eligibility until September 2016 as described in Paragraph 29, *infra*.

29. On September 26, 2016, Plaintiff emailed Defendant Jansen and stated: "I was wrongfully excluded from profit sharing in 2013 and 2014. Please send the money and the earnings/interest." The same day, Defendant Jansen replied: "I am not sure why u feel this way or why u would have waited 2-3 years to say anything about this. We have been told everything has been done correct, thanks much."

30. On December 2, 2016, Plaintiff, through his counsel, submitted notice to Defendants that Plaintiff had made his formal claim for benefits in the form of employer profit-sharing contributions.

31. Defendants, through his counsel, responded by letter dated December 15, 2016, formally denying Plaintiff's claim for said benefits.

**E. The Administrative Review of Plaintiff's Claim for Profit Sharing Benefits**

32. To allow for an administrative review of Plaintiff's claim for profit-sharing benefits under the Plan, on December 15, 2016, Plaintiff and Defendants entered into a tolling agreement under which any applicable statutes of limitations were tolled during the administrative review time period.

33. On February 13, 2017, Plaintiff, through Plaintiff's counsel, submitted a formal administrative appeal of the December 15, 2016 decision to deny his employer profit-sharing contributions.

34. By letter dated April 21, 2017, Defendants responded to Plaintiff's appeal and stated that the Plan properly denied Plaintiff's profit-sharing contributions in 2013 and 2014.

6

35. Defendants failed to consider the issues raised in Plaintiff's appeal.

36. Defendants did not perform a "full and fair review" of Plaintiff's claim and appeal for employer profit-sharing contributions for 2013 and 2014.

37. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect his claim and an explanation of why that material was necessary.

38. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

39. Defendants failed to adequately explain their reasons for denying employer profit-sharing contributions to Plaintiff for 2013 and 2014.

40. Defendants failed to adequately assess Plaintiff's eligibility for employer profit-sharing contributions before determining that he is not entitled to such benefits.

41. Defendants failed to render a decision on Plaintiff's claim for profit-sharing benefits within the time limits proscribed by ERISA and provided in the Plan.

42. Defendants' notification of denial failed to reference the specific plan provisions on which it based the denial of Plaintiff's profit-sharing benefits.

43. Defendants' notification of denial failed to include a statement that Plaintiff is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to his claim for benefits.

44. Defendants' notification of denial failed to include a statement that Plaintiff is entitled to bring an action under Section 502(a) of ERISA.

**F. Plaintiff's Requests for SPDs and Plan Documents**

45. On September 16, 2016, Plaintiff emailed Lori Jansen, a Plan Trustee, requesting "Summary Plan Description/Document for 401K plans." The same day, Lori Jansen responded to state that she was "not sure" what Plaintiff was asking.

46. On September 19, 2016, Lori Jansen provided Plaintiff a copy of the 2015 SPD.

47. On September 20, 2016, Plaintiff responded to state that he did not recall seeing the 2015 SPD, "or anything like it," before. Plaintiff further requested "SPD's (sic) for 2013 and 2014."

48. On September 21, 2016, Lori Jansen provided Plaintiff a copy of the 2009 SPD and "the addendum that was made in 2013." The same day, Plaintiff responded by stating: "Thank you. I never saw either of these documents before."

49. On December 14, 2016, Plaintiff's counsel requested from Defendants' counsel "all Plan Documents, SPDs and Amendments for 2008 forward."

50. On January 6, 2017, having received no copies of plan documents, SPDs, or amendments, Plaintiff's counsel reminded Defendants' counsel of Plaintiff's December 14, 2016 request.

51. On February 1, 2017, Plaintiff's counsel emailed Defendants' counsel stating: "It has been 49 days since we made the request for plan documents. Please provide them promptly."

52. On February 2, 2017, 50 days after Plaintiff's counsel had made the request for Plan documents, Defendants' counsel replied, stating, in part: "I am sending along copies of the plan documents that were in place from 1-1-12 until the plan was terminated." Defendant's counsel produced the following documents: 2009 SPD, the 2012 SPD, the 2015 SPD; the 2013 SMM; an unsigned, undated Volume Submitter Profit Sharing/401(k) Plan Adoption Agreement declared effective 1/1/2012; an unsigned, undated Volume Submitter Profit Sharing/401(k) Plan Adoption Agreement declared effective 1/1/2015; an unsigned, undated Amendment to Jonas Service & Supply, Inc. 401(K) Profit Sharing Plan declared effective 1/1/2013; and a November 16, 2015 Action by Unanimous Consent of the Board of Directors - Termination of Qualified

Retirement Plan effective August 31, 2015.

53. On March 2, 2017, 78 days after Plaintiff's counsel had made the request for Plan documents, Defendants' counsel sent Plaintiff's counsel "the section 6-3 of the applicable Adoption Agreement, and the relevant portions of the Plan document" and further stated "If you need the entire documents, let me know."

54. On March 14, 2017, Plaintiff's Counsel replied, stating that the relevant portions of the Plan document provided on March 2, 2017 were from a "Volume Submitter Defined Contribution Plan" which had never been provided in response to Plaintiff's or Plaintiff's counsel's request for Plan Documents.

55. On March 15, 2017, 91 days after Plaintiff's counsel had made the request for Plan documents, Defendant's Counsel provided two Plan documents entitled Defined Contribution Volume Submitter Plan and Trust Basic Plan Document to Plaintiff's Counsel. Defendant's Counsel represented the first Plan had been in place until the end of 2014 and the second was effective January 1, 2015.

## COUNT I
### Wrongful Denial of Benefits
### (29 U.S.C. § 1132(a)(1)(B))

56. The preceding paragraphs are reincorporated by reference as though set forth here in full.

57. Plaintiff was entitled to receive benefits under the Plan, in the form of employer profit-sharing contributions, for 2013 and 2014. Defendants wrongfully, arbitrarily and capriciously denied employer profit-sharing contributions due to Plaintiff for 2013 and 2014.

58. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

59. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

60. For these and other reasons, Plaintiff is entitled to employer profit-sharing contributions for 2013 and 2014 pursuant to Section 502(a)(1)(B) of ERISA due to Defendants' wrongful denial of Plaintiff's claim for said benefits.

## COUNT II
## Violation of ERISA Procedural Requirements
## (29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1)

61. The preceding paragraphs are reincorporated by reference as though set forth here in full.

62. Pursuant to 29 U.S.C. § 1133, Defendants were required to provide Plaintiff, in accordance with regulations, the following:

> (1) adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) ... a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

63. In addition, ERISA Reg. § 2560.503-1 provides, in part:

> (i) Timing of notification of benefit determination on review
>
> (1) In general.
>
> (i) ... the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan.....

> (j)... In the case of an adverse benefit determination, the notification shall set forth, in a manner calculated to be understood by the claimant -
>
> (1) The specific reason or reasons for the adverse determination;
>
> (2) Reference to the specific plan provisions on which the benefit determination is based;
>
> (3) A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;
>
> (4)(i) A statement describing any voluntary appeal procedures offered by the plan and the claimant's right to obtain the information about such procedures described in paragraph (c)(3)(iv) of this section, and a statement of the claimant's right to bring an action under section 502(a) of the Act; and,

64. Defendants did not provide the information required under 29 C.F.R. § 2560.503-1(j) in its benefits notifications and did not provide notification of its benefit determination on review within the time periods required by 29 C.F.R. § 2560.503-1(i), thereby violating those regulations and the claims procedure requirements of 29 U.S.C. 1133.

## COUNT III
### Breaches of Fiduciary Duty by Defendant Jansen
### (29 U.S.C. § 1104(a); 29 U.S.C. § 1106(b))

65. The preceding paragraphs are reincorporated by reference as though set forth here in full.

66. Defendant Jansen is a fiduciary of the Plan.

67. ERISA Section 404(a)(1)(A)(i) provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... for the exclusive purpose of ... providing benefits to participants and their beneficiaries."

68. Fiduciaries breach their duties where they fail to provide complete and accurate information in response to employee-initiated inquiries about their benefits.

69. ERISA Section 404(a)(1)(D) provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... in accordance with the documents ... governing the Plan."

70. ERISA Section 406(b)(1) provides that a fiduciary "shall not ... deal with the assets of the plan in his own interest or for his own account."

71. Upon information and belief, Defendant Jansen acted in his own self-interest, rather than administrating the Plan solely in the interest of the participants and beneficiaries.

72. Upon information and belief, Defendant Jansen withheld employer profit-sharing contributions from Plan participants, including Plaintiff, in violation of the terms of the Plan, while allocating contributions to himself in order to further his own financial gain.

73. Further, Defendant Jansen failed to provide Plaintiff complete and accurate information in response to Plaintiff's inquiries about his profit-sharing benefits under the Plan.

74. Defendant Jansen violated his fiduciary duties under 29 U.S.C. § 1104(a) and 29 U.S.C. 1106(b), causing Plaintiff to suffer a loss of benefits to which he was entitled under the Plan.

## COUNT IV
## Failure to Provide Summaries of Material Modifications to Plan
## (29 U.S.C. § 1022(a); 29 C.F.R. § 2520.104b-3)

75. The preceding paragraphs are reincorporated by reference as though set forth here in full.

76. ERISA Section 102(a), 29 U.S.C. § 1022(a) provides:

> A summary of any material modification in the terms of the plan and any change in the information required under subsection (b) of this section shall be written in a manner calculated to be understood by the average plan participant and shall be furnished in accordance with [29 U.S.C. § 1024(b)(1)] of this title.

77. ERISA Section 102(a), 29 U.S.C. § 1022(b) provides:

> The summary plan description shall contain the following information: .... circumstances which may result in disqualification, ineligibility, or denial or loss of benefits....

78. ERISA Section 104(b), 29 U.S.C. § 1024(b) provides, in part:

> If there is a modification or change described in section 1022(a) of this title ... a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who is receiving benefits under the plan.

79. 29 C.F.R. § 2520.104b-3 governs in greater detail the timing and content of the summary of material modifications.

80. Upon information and belief, Defendants did not provide to Plaintiff the 2013 SMM as required by ERISA Section 102(a), 29 U.S.C. § 1022(a), and 29 C.F.R. § 2520.104b-3, thereby violating those provisions and entitling Plaintiff to the employer profit-sharing contributions to which he would have been entitled under the Plan terms effective prior to the 2013 material modifications.

## COUNT V
## Failure to Provide ERISA Plan Documents in a Timely Manner
## (29 U.S.C. § 1132(c))

81. The preceding paragraphs are reincorporated by reference as though set forth here in full.

82. ERISA Section 502(c), 29 U.S.C. § 1132(c) provides:

> Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper....

83. Under 29 C.F.R § 2575.502c-1, the $100 per day liability referenced in 29 U.S.C. § 1132(c) was increased to $110 for violations after July 29, 1997.

84. Defendant Jonas Service & Supply, Inc. did not provide the information required under ERISA § 502 to Plaintiff within 30 days of Plaintiff's request, thereby violating that provision and causing Plaintiff harm.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment from Defendants for the following:

A. A declaration of Plaintiff's eligibility for and payment of all employer profit-sharing contribution benefits for 2013 and 2014 owed to Plaintiff under the terms and conditions of the Plan, with interest, pursuant to ERISA Section 502(a)(1)(B); or

B. Alternatively, an order that Defendants pay Plaintiff all employer profit-sharing contribution benefits for 2013 and 2014 that Plaintiff would have received had Defendant Jansen not violated his fiduciary duties pursuant to ERISA Section 502(a)(3);

C. A declaration that Defendants violated 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1; 29

U.S.C. 1106(b); 29 U.S.C. § 1104(a); 29 U.S.C. § 1022(a), 29 C.F.R. § 2520.104b-3; and 29 U.S.C. 1132(c).

D. An award of statutory penalties as provided for in 29 U.S.C. § 1132(c)(1), 29 C.F.R. § 2575.502c–1;

E. Prejudgment interest;

F. Reasonable attorney's fees and costs related to the action; and

G. Such other and further relief that the Court deems just and equitable.

Dated: August 3, 2017

**HAWKS QUINDEL, S.C.**

By: /s/ Danielle M. Schroder
Danielle M. Schroder, State Bar No. 1079870
Email: dschroder@hq-law.com
Katelynn M. Williams, State Bar No. 1090438
Email: kwilliams@hq-law.com
409 E. Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

*Attorneys for Plaintiff, Daniel B. Shanley*